Sringer, C.J.,
concurring in part and dissenting in part:
I agree with the majority that a retaliatory discharge plaintiff must demonstrate that his protected conduct was the “proximate cause” of his discharge. I dissent, however, because I believe that the majority unwisely adopts Nevada Pattern Civil Jury Instructions (Nev. Civ. J. I.) No. 4.04 as the definition of proximate cause in this case. In a case such as this, where the evidence permits a reasonable finding that an employee was terminated for a combination of legitimate and prohibited reasons, there may be several causes “without which the injury [i.e. termination] . . . would not have occurred.” Nev. Civ. J. I. No. 4.04.[1] Consequently, the question for the jury should not be whether the prohibited reason was the “but for” cause of the termination, but whether the prohibited reason was a substantial, rather than negligible, factor in the termination decision.
Therefore, rather than adopting the “but for” proximate cause definition, Nev. Civ. J. I. No. 4.04, as does the majority, I would adopt the “substantial factor” definition, Nev. Civ. J. I. No. 4.04A, which provides: “A legal cause of injury, damage, loss, or harm is a cause which is a substantial factor in bringing about the injury, damages, loss, or harm.” (Emphasis added.) The comments to BAJI 3.76 (1982 Revision), from which this instruction is taken, points out that it overcomes the inapplicability of the “but for” rule of causation to two or more responsible causes. I would remand this case to the district court with instructions to use the “substantial factor” test set forth above, rather than the needlessly confusing proximate cause instruction adopted today by the majority. I concur with the majority in all other respects.

 Nev. Civ. J. I. No. 4.04 provides: “A proximate cause of injury, damage, loss, or harm is a cause which, in natural and continuous sequence, produces the injury, damage, loss, or harm, and without which the injury, damage, loss, or harm, would not have occurred.”